IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CESAR RAMIREZ**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-cv-00656-JPG-PMF |
| | ) |
| **C/O NALLEY, et al.**, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Nick Nalley's motion for summary judgment (Doc. No. 23). Also submitted is a sua sponte recommendation that claim against unidentified parties be dismissed.

Plaintiff Cesar Ramirez is challenging the conditions of his prison confinement at Big Muddy River Correctional Center, alleging that he was deprived of rights protected by the Eighth Amendment's cruel and unusual punishment clause. Specifically, he alleges that, on May 25, 2013, he was searched, exposed to excessive force, and deprived of necessary medical care. A Scheduling and Discovery Order was entered on January 3, 2014. The deadline for amendments to identify unnamed parties expired on April 18, 2014 (Doc. No. 19). The unnamed parties have not been identified or served.

Nick Nalley seeks a ruling in his favor on the exhaustion of administrative remedies defense. Nalley argues that Ramirez filed deficient grievances which were not sufficient to exhaust his administrative remedies. The motion is not opposed. The absence of a response may be viewed as an admission that Nalley's motion has merit. SDIL-LR 7.1(c).

Inmates who are unhappy with aspects of their prison confinement are required to exhaust available administrative remedies before turning to the Court for a remedy.  42 U.S.C. §1997(e(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  Failure to exhaust is an affirmative defense that must be pleaded and proved by the defendant.  *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008).  The state's procedural rules establish the contours of the requirement.  *Jones v. Bock*, 549 U.S. 199, 218 (2007). The materials submitted in support of Nalley's motion show that Ramirez filed grievances describing disciplinary proceedings.  He did not exhaust administrative remedies with respect to the conduct challenged in this litigation.

IT IS RECOMMENDED that the motion (Doc. No. 23) be GRANTED.  Plaintiff's claim against Nick Nalley should be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that plaintiff's claims against unknown parties be dismissed without prejudice for lack of service of process.

If these recommendations are adopted, no claims will remain for decision.

**SUBMITTED:  February 4, 2015.**

                                         s/Philip M. Frazier
                                        **PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE**